Michael Joseph MOORE, Plaintiff,

v.

Gary STOTTS, et al., Defendants.

No. 91–3312–S.

United States District Court,
D. Kansas.

Sept. 24, 1992.

Michael Joseph Moore, pro se.

Kristy L. Hiebert, Office of the Atty. Gen., Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter comes before the court on cross-motions for summary judgment. Plaintiff, an inmate in the custody of the Secretary of the Kansas Department of Corrections, proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. He alleges his constitutional rights secured by the Eighth and Fourteenth Amendments were violated by disciplinary hearings conducted following his return to custody after an escape. He seeks injunctive relief and damages.

The factual background of this action is relatively simple. On January 29, 1991, plaintiff, then an inmate on work release, walked away from the restaurant in Hutchinson, Kansas where he was employed. As a result, plaintiff was charged with aggravated escape from custody in an institutional incident report prepared on the afternoon of January 30, 1991.

Plaintiff was returned to custody at the Hutchinson Correctional Facility on June 13, 1991, and on that day received a copy of the incident report. An initial hearing on the escape charge was conducted on June 13, 1991, and the final hearing was conducted on July 11, 1991. Plaintiff was represented by counsel at that hearing. He was found guilty and sentenced to 45 days in disciplinary segregation and 60 days restriction of privileges.

In this action, plaintiff asserts defendants erred in conducting the disciplinary hearing because he did not receive the incident report within 24 hours of its preparation and because the defendants did not seek a continuance of the hearing on the incident report during plaintiff's absence from custody.

### Standard for granting summary judgment

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

### Discussion

■ At the time of the events in question, the Kansas Administrative Regulation (K.A.R.) 44–13–201 provided that an inmate was to be notified in writing within 24 hours after the issuance of the disciplinary report, and K.A.R. 44–13–402(a)(5) provided for the continuance of a disciplinary hearing where the inmate was on escape status and unavailable for more than six months.[1]

■ It is clear that plaintiff did not receive notice of the disciplinary report within 24 hours, as contemplated by the regulation, and it is also clear that corrections officials did not seek a continuance during plaintiff's absence from custody. It does not follow from this, however, that plaintiff is entitled to relief. Violations of administrative regulations do not automatically give rise to a claim of constitutional dimension. *See United States v. Caceres*, 440 U.S. 741, 749–53, 99 S.Ct. 1465, 1470–72, 59 L.Ed.2d 733 (1979). Rather, to support his claim of due process violations, plaintiff must show the Kansas Administrative Regulations embody mandatory provisions of the Constitution or federal law, that he has reasonably relied upon the provisions he cites to his substantial detriment, or that the violation at issue here resulted in a denial of equal protection. *Id.*

At least one federal court, relying on *Caceres*, has rejected a challenge markedly similar to plaintiff's. In *Dowdy v. Johnson*, 510 F.Supp. 836 (E.D.Va.1981), the court rejected an inmate's claim that the failure to timely lodge and resolve disciplinary charges of escape resulted in constitutional violations. The *Dowdy* court first noted that the Supreme Court's decision in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) does not recognize any constitutional right of an inmate to receive notice within one day of the issuance of an incident report and establishes only that an inmate is entitled to at least one day to prepare for a hearing before an institutional committee. *Wolff*, 418 U.S. at 564, 94 S.Ct. at 2978 (quoted in *Dowdy*, 510 F.Supp. at 839). Considering Dowdy's claims under the *Caceres* analy-

---

1. The regulations in question were amended on April 20, 1992.

sis, the court found that the inmate had shown no prejudice in the presentation of his defense, that the delay of six weeks did not itself operate to deny due process, and that plaintiff had shown no detrimental reliance or any violation of equal protection. *Id.*

Applying this analysis to the present case, this court likewise concludes plaintiff is entitled to no relief. First, the court agrees no constitutional right was violated by the notice given to plaintiff. It appears plaintiff received notice of the charges on the day he was returned to the institution where he was incarcerated at the time he absconded. Plaintiff was also given a reasonable period of time to prepare for the hearing. He received approximately 48 hours notice of the initial hearing, and the final hearing was approximately one month later. Next, plaintiff has demonstrated no prejudice in presenting a defense to the charges of escape occasioned by the time of the notice and proceedings; indeed, it does not appear plaintiff ever has contested the factual basis of the charges. Nor has plaintiff presented any evidence of an equal protection violation. Under these circumstances, the court must reject plaintiff's claims for relief.

Finally, the court rejects plaintiff's claim he was subjected to cruel and unusual punishment. Nothing concerning the procedure employed at the hearing could reasonably be said to violate contemporary standards of decency, nor are the disciplinary sanctions imposed disproportionate to the offense charged.

IT IS THEREFORE ORDERED defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

The clerk of the court is directed to transmit copies of this Memorandum and Order to plaintiff and to counsel for defendants.